**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **THOMAS E. MIDDLEKAUFF** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CBD-15-1399** |
| | ) | |
| **CAROLYN W. COLVIN** | ) | |
| | ) | |
| **Acting Commissioner,** | ) | |
| **Social Security Administration** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

Thomas E. Middlekauff, ("Plaintiff") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 12) and Defendant's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 13). The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, and **GRANTS** Commissioner's Motion.

## I. Procedural Background

Plaintiff applied for DIB on May 24, 2011, alleging disability beginning on June 18, 2009. R. 14. The claim was denied on November 1, 2011. *Id.* After Plaintiff asked for reconsideration of the denial of benefits, Defendant again denied Plaintiff's benefits application

on July 24, 2012. *Id*. On August 21, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. 138-39. On February 4, 2014, Plaintiff had a hearing before an ALJ, and on February 24, 2014, in a written decision, the ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. R. 14-23.

On April 1, 2014, Plaintiff requested a review of the ALJ's decision of February 24, 2014. R. 9-10. On April 3, 2015, the Appeals Council denied Plaintiff' request for review. R. 1-3.

**II. Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2006). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec*., 440 F. App'x 163, 164 (4th Cir. 2011). Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)) (internal quotation marks omitted); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his

decision is supported by substantial evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Id*. If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The Court shall find a person legally disabled if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" to perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that he is disabled at steps one through four, and Defendant has the burden to prove that Plaintiff is not disabled at step five. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).

## III. Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 18, 2009, the alleged onset date. R. 16. At step two, the ALJ determined that Plaintiff has the following severe impairments: an organic mental disorder, an anxiety disorder, a personality disorder, and an affective disorder. *Id.* The ALJ found that these impairments cause "significant vocationally relevant limitations." *Id.* The ALJ further found that Plaintiff's back pain "is not severe in that it caused no more than minimally vocationally relevant limitations." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526)." R. 17. Before considering the fourth step, the ALJ had to determine Plaintiff's residual functional capacity ("RFC") under 20 C.F.R. § 404.1520(e). R. 15. The ALJ determined that Plaintiff "has the [RFC] to perform a full range of work at all exertional levels" with certain nonexertional limitations: Plaintiff "is limited to understanding, remembering, and carrying out short, simple instructions;" Plaintiff "is limited to only occasional contact with supervisors, co-workers, and the public;" and Plaintiff "cannot perform production rate work, but can perform goal-oriented work." R. 18. At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. R. 21. At step five, the ALJ determined that "considering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in

the national economy that [Plaintiff] can perform." R. 22. Therefore, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from June 18, 2009, through the date of this decision." R. 23.

On appeal, Plaintiff argues that the Court should enter judgment as a matter of law in his favor or in the alternative, remand this matter to the Social Security Administration for a new administrative hearing, for the following reasons:

1) The ALJ did not give sufficient weight to the treating medical source, John C. Brown, Jr. MA, LCPC;

2) The ALJ did not give sufficient weight to the lay witness, David T. Hercules;

3) The ALJ did not give sufficient weight to Plaintiff's primary care physician, Vincent Cantone, M.D.;

4) The ALJ did not properly determine Plaintiff's RFC;

5) The ALJ did not ask the Vocational Expert about Plaintiff's specific limitations and therefore the ALJ should not have relied on the opinion of the Vocational Expert.

For the reasons set forth below, the Court rejects Plaintiff's arguments and affirms the ALJ's decision.

**A. The weight assigned by the ALJ to John C. Brown, Jr. MA, LCPC and the treating physician Vincent Cantone, M.D. was Appropriate and Supported by Substantial Evidence.**

Plaintiff asserts that the ALJ did not give sufficient weight to the treating medical source, John C. Brown, Jr., MA, LCPC. Pl.'s Mot. 3-5. Plaintiff claims that the ALJ made a legal error when he did not give sufficient weight to Mr. Brown's opinions and observations, and when the ALJ determined that Mr. Brown was not an "acceptable medical source." Pl.'s Mot. 4.

"When evaluating medical opinions, the ALJ should consider '(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the

applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Dunn v. Colvin*, 607 F. App'x. 264, 267 (4th Cir. 2015) (citations omitted). "An ALJ's determination as to the weight to be assigned to an opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion." *Id.* (citation omitted).

A treating physician's opinion on issues of the nature and severity of the impairments will be given controlling weight when well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *see Dunn*, 607 F. App'x at 267. Conversely, however, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). An ALJ may reject a treating physician's opinion in its entirety and afford it no weight if the ALJ gives specific and legitimate reasons for doing so. *See Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (per curiam) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 n.2 (9th Cir. 2001); *Craig*, 76 F.3d at 589-90).

A medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(d)(1). Generally, the more the medical source presents relevant evidence to support his opinion, and the better that he explains it, the more weight his opinion is given. *See* 20 C.F.R. § 404.1527(c)(3).

Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See* 20 C.F.R. § 404.1527(c)(4); *see also Dunn*, 607 F. App'x at 268.

The ALJ gave Mr. Brown's opinion no weight because he was not an acceptable medical source. R. at 21. Mr. Brown, a licensed professional counselor, who according to the ALJ, had a psychotherapy session with Plaintiff on January 15, 2014, reported that Plaintiff suffered from acute depression, acute and debilitating anxiety, and mood swings, and that he was unlikely to engage in substantial gainful employment. R. 20. Mr. Brown, however, is not an acceptable medical source. A therapist is not an "acceptable medical source;" rather therapists are "other sources" as defined in 20 C.F.R. § 404.1513(d). *See Mason v. Astrue*, JKS–10–2157, 2013 WL 990399, at *3 (D. Md. March 12, 2013). The ALJ may, but is not required, to use evidence from "other sources" to show the severity of a person's impairment and how it affects their ability to work. *See* 20 C.F.R. § 404.1513(d). Since Mr. Brown is not an acceptable medical source, his opinion is not entitled to controlling weight. *See Johnson v. Comm'r, Social Sec. Admin.*, No. SAG–12–3804, 2013 WL 6844373, at *3 (D. Md. Dec. 26, 2013).

Dr. Cantone is Plaintiff's treating physician. According to Plaintiff, the ALJ did not give sufficient weight or properly analyzed Dr. Cantone's opinion, and second-guessed him. Pl.'s Mot. 5-6. The ALJ gave Dr. Cantone's opinion no weight "because it was internally inconsistent." R. 21. According to the ALJ, Dr. Cantone reported that Plaintiff was permanently disabled and at the same time reported that his symptoms were stable, and that he was disabled regarding his expressive language. *Id*.

In this case, substantial evidence supports the weight the ALJ afforded to Dr. Cantone's opinion. "[T]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."

*Tilley v. Colvin*, No. TMD 14-3266, 2016 WL 775420, at *12 (D. Md. Feb. 29, 2016) (citations omitted) (upholding ALJ's rejection of treating physician's opinion where it was contradicted by evidence in record). In this case, Dr. Cantone opined in February 2010 that Plaintiff was "permanently disabled due to cognitive problems" and was "disabled with expressive language difficulty." R. 19. Subsequently in April 2012, Dr. Cantone opined that Plaintiff's anxiety and irritability had improved and that his memory loss was stable. R. 20. Dr. Cantone's records through January 2014 also show that Plaintiff's symptoms had improved, and that there was still room for improvement. *Id*. In addition, William Gene Miller, Ph.D., who examined Plaintiff psychologically, concluded that although he was "very anxious and moderately depressed," Plaintiff was "functioning in the average intelligence range." *Id*. Dr. Seth Tuwiner, who examined Plaintiff on September 22, 2011, concluded that although Plaintiff had an "anxious affect," he was "alert and oriented" and had "no gross evidence of speech impairment or higher cortical dysfunction." *Id*. Dr. Thomas W. Furlow, who did a mental status examination on Plaintiff in May 2010, concluded that although Plaintiff had chronic anxiety disorder, he was fully oriented, with "normal cognitive function including insight and judgment," and could be a "candidate for vocational rehabilitation in order to enter a new career." R. 19-20. In light of the fact that Dr. Cantone's opinion was internally inconsistent, and inconsistent with other substantial evidence in the record, the ALJ gave Dr. Cantone's opinion the appropriate weight.

**B. The weight assigned by the ALJ to the lay witness's opinion was appropriate and supported by substantial evidence.**

Plaintiff asserts that the ALJ did not give sufficient weight to David T. Hercules, a lay witness. Pl.'s Mot. 3-5. Plaintiff claims that the ALJ, aside from stating that Mr. Hercules' written statement was "fully considered and . . . largely corroborative of [Plaintiff's]

allegations," provided no additional analysis or evaluation of Mr. Hercules' statement. Pl.'s Mot. 4.

Plaintiff's contention regarding the ALJ's consideration of the lay witness Mr. Hercules in unavailing. As Defendant highlights, under the regulations, 20 C.F.R. §§ 404.1529(c)(3), 404.1545(a)(3), the ALJ is required to consider testimony from family and friends submitted on behalf of the claimant, but the ALJ is not required to provide express reasons for rejecting testimony from each lay witness. *See Henig v. Colvin*, No. TMD 13–1623, 2015 WL 5081619, at *11 (D. Md. Aug. 26, 2015) (citing *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). In this case, the ALJ considered the written statement submitted by Mr. Hercules, and stated that it was "fully considered and were largely corroborative of [Plaintiff's] allegations. R. 19. Since the regulations do not require the ALJ to provide additional analysis or express reasons for rejecting testimony from a lay witness, Plaintiff's argument fails.

**C. The ALJ properly assessed Plaintiff's RFC.**

Plaintiff argues that the ALJ did not properly determine his RFC. Pl.'s Mot. 6. For example, Plaintiff asserts that the ALJ did not discuss why Plaintiff's fatigue, which was referred to numerously in the medical records, was not disabling for causing loss of productivity, even though the ALJ posed a question about fatigue to the vocational expert. *Id*.

RFC is a measure of a person's ability to perform physical and mental activities in a work setting on a "regular and continuing basis," (i.e., eight hours a day, five days a week—in spite of any impairments). 20 C.F.R. § 404.1545(b), (c). In making this assessment, the ALJ must consider all relevant evidence of [the] claimant's impairments and any related symptoms (e.g., pain). *See* 20 C.F.R. § 404.1545(a); *see also*, 20 C.F.R. § 404.1529(a). The ALJ must also present a "narrative discussion describing how the evidence supports each conclusion, citing

specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184 at *7 (S.S.A.); *Barton v. Astrue*, 495 F. Supp. 2d 504, 510 (D. Md. 2007).

In this case, the ALJ concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels, but that Plaintiff was limited to understanding, remembering, and carrying out short, simple instructions. R. 18. The ALJ further concluded that Plaintiff was limited to only occasional contact with supervisors, co-workers, and the public, and that Plaintiff cannot perform production rate work, but can perform goal-oriented work. *Id*.

Plaintiff's argument is unavailing because in assessing Plaintiff's RFC, the ALJ took into account Plaintiff's testimony of "severe exhaustion," his written statement indicating he "required a lot of rest," and indicating he was "tired all the time, and frequently had to lie down and take naps." R. 18-19. After considering all the evidence in the case, including the medical evidence, State agency assessments, and Plaintiff's testimony and written statement, the ALJ concluded that Plaintiff's impairments were not "totally disabling" and did not "preclude the performance of all substantial gainful activity." R. 20-21. The court finds that the ALJ provided a full narrative of his consideration of the evidence on file, specifically taking note of all the evidence presented by Plaintiff with regard to his exertional limitations, and explaining why that evidence was not compelling.

**D. The ALJ asked the proper hypothetical question to the vocational expert and included Plaintiff's impairments as supported by the record.**

Plaintiff claims that the ALJ should not have relied on the opinion of the vocational expert because the ALJ did not ask him about each symptom Plaintiff experienced. Pl.'s Mot. 7. Plaintiff further contends that the ALJ did not include in his findings of Plaintiff's RFC, and in

his question to the vocation expert, other specific limitations found by State examiners (i.e., moderate limitations in maintaining attention and concentration).

"The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which the particular claimant can perform." *Walker v. Bowen*, 889 F. 2d 47, 50 (4th Cir. 1989). "For a vocational expert's opinion to be relevant, it must be in response to a proper hypothetical question that sets forth all of the claimant's impairments." *Russell v. Barnhart*, 58 F. App'x 25, 30 (4th Cir. 2003) (citation omitted). "While questions posed to the vocational expert must fairly set out all of the claimant's impairments, the question need only reflect those impairments supported by the record." *Id*. "The hypothetical question may omit non-severe impairments, but must include those that the ALJ finds to be severe." *Id*.

"The only relevant limitations for purposes of the hypothetical questions are those that are included in the RFC." *Mason v. Astrue*, JKS–10–2157, 2013 WL 990399, at *4 (D. Md. March 12, 2013). "It is the claimant's functional capacity, not his clinical impairments, that the ALJ must relate to the vocational expert." *Id*. (quoting *Fisher v. Barnhart*, 181 F. App'x 359, 364-65 (4th Cir. 2006)). The Court finds that the ALJ's hypothetical question posed to the vocation expert adequately contemplated all of Plaintiff's impairments and limitations reflected in his RFC. In the first hypothetical question, the ALJ asked the vocational expert to consider a person who was the same age, had the same education and work experience as Plaintiff, with no physical exertional limitations, but the following mental limitations: the individual could understand, remember, and carry out short, simple instructions, occasionally be in contact with supervisors, co-workers, and the public, not do production ate work, but rather do goal oriented work. R. 56. This hypothetical person set forth all of Plaintiff's impairments supported by the

record and the relevant evidence. At a previous step, the ALJ had determined, after careful consideration of the entire records, that Plaintiff had the following non-exertional limitations: he was limited to understanding, remembering, and carrying out short, simple instructions; he was limited to only occasional contact with supervisors, co-workers, and the public; and although he could not perform production rate work, he could perform goal-oriented work. R. 18. The question posed by the ALJ to the vocation expert does not need to encompass impairments not supported by the record. The ALJ's hypothetical question did address Plaintiff's memory, attention, and concentration issues. Therefore, Plaintiff's argument is unavailing because the ALJ's hypothetical question included the impairments supported by the record.

## IV. Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's Motion and **GRANTS** Commissioner's Motion.

May 19, 2016

/s/
Charles B. Day
United States Magistrate Judge

CBD/yv